## MAGNOLIA PETROLEUM CO. v. MAYBERRY et al.

No. 21376. Opinion Filed March 24, 1931.

W. R. Wallace, for petitioner.

L. J. Williams, for respondents.

KORNEGAY, J. This is a proceeding brought in this court to review the action of the State Industrial Commission in making an award to the claimant, Earnest Mayberry, which award is as follows:

"Before the State Industrial Commission of the State of Oklahoma.

"Earnest Mayberry, Claimant, v. Magnolia Petroleum Company, Respondent Own Risk. A-42105.

"Order.

"Now on this 14th day of May, 1930, the State Industrial Commission being regularly in session, this cause comes on for consideration pursuant to a hearing had at Oklahoma City, Okla., January 8th, before Commissioner F. L. Roblin, to determine liability and extent of disability, at which hearing claimant appeared in person and by his attorney, L. J. Williams, respondent being represented by W. R. Wallace, and the Commission, after reviewing the testimony taken at said hearing, the reports on file, and being otherwise well and sufficiently advised in the premises, finds:

"1. That on, prior and subsequent to February 4, 1929, claimant, Earnest Mayberry, was in the employment of respondent, Magnolia Petroleum Co., and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law.

"2. That arising out of and in the course of such employment with respondent herein, claimant sustained an accidental personal injury on February 4, 1929, when a Stilson wrench, which he was using slipped and he fell back against a platform; that he continued at work, and later in the afternoon of the same day, he received a strain while lifting a manifold (machinery) to the platform; that after being off for a couple of days he returned to work and continued at work until sometime in March, 1929, at which time, because of pain in his back, he was off work five days; that thereafter he resumed his work and continued in his regular employment with respondent herein up until August 8, 1929; that on the said August 8, 1929, while carrying a heavy sill, a fellow employee turned loose of one end and the sudden weight was thrown upon claimant; that on September 13, 1929, an laminectomy was performed, which disclosed a tumor of the llamna on the ninth vertebra on the right, which tumor was removed; that claimant gave history of an

48

injury in 1928; that the accidental injuries sustained by claimant on February 4, 1929, and on August 8, 1929, aggravated the tumor which had existed or had its onset prior to February 4, 1929; that since August 10, 1929, claimant has been totally disabled from the performance of manual labor.

"3. That the average wage of claimant was $7 per day.

"The Commission is of the opinion: By reason of the aforesaid facts, that claimant is entitled to compensation at the rate of $18 per week from August 10, 1929, continuing until the termination of disability, or until otherwise ordered by the Commission, the claimant having lost five days in March, 1920, by reason of the injury sustained in February, 1929.

"It is therefore ordered: That within ten days from this date the Magnolia Petroleum Company pay to claimant compensation at the rate of $18 per week from August 10, 1929, to January 8, 1930, and continuing until the termination of disability or until otherwise ordered by the Commission, and also pay all medical expense incurred by claimant as a result of said accident.

"It is further ordered: That within 30 days from this date the respondent file with the Commission proper receipt or other report evidencing compliance with the terms of this order.

"Opinion and order by Commissioner Roblin; Chairman Doyle concurring; Commissioner McElroy concurring."

There were several doctors that testified. The plaintiff and one of his coemployees testified. If the testimony of the plaintiff and the coemployee is to be believed, the plaintiff was hurt in the line of duty and while an employee of the respondent, the Magnolia Petroleum Company.

The record shows that the injury occurred sometime in February or March, 1929, and another sometime in August, 1929. Claims were presented therefor within 12 months after the injury. After hearing the testimony of the witnesses the Commission made the award set out above.

It is very strenuously insisted by the respondent, Magnolia Petroleum Company, that the condition of the claimant in August and September, when he first began to talk about it, as claimed, has been brought about by cancer situated near the backbone, and probably reaching into the spinal cord.

The Commission found, as above stated, on the evidence before it, that the condition of the claimant and his disability had come about as a result of an accidental injury while the claimant was in the employ of the Magnolia Petroleum Company.

It is strenuously insisted by the petitioner that this award ought not to have been made and that the claim was not presented in time. The evidence warranted the finding of the Commission on the point of presentation within time.

It is further insisted that the Commission should have found that the condition of the man and his disability were the result of a natural cause, that is, cancer. A good deal of testimony was taken on that line from the doctors, and they disagreed as to the origin of the cancer and as to the fact as to whether an injury would create a cancer or aggravate one already created, whether latent or growing. Of course, everybody knows that the patient or the physician that discovers the origin of cancer, its causation and cure, with be hailed as the greatest benefactor of mankind, and if he be inclined to capitalize his discovery, in a short time could accumulate all the money the average human being would need. But its cause and its cure remain almost as much a mystery to-day as it did half a century ago, though reward after reward has been offered for its discovery, and men have devoted their lives to its study.

The statutes creating the Industrial Commission endowed it with certain powers and attributes. Among others, was that it was to be the final judge as to questions of fact. A limited review was accorded to this court by original proceeding.

We cannot say in this case that this evidence did not warrant the findings of the Commission, and the making of the award. The action of the Commission is therefore affirmed, and the cause remanded to the Commission to carry out the terms of the award, and to do whatever is permitted by the statutes on the subject concerning its enforcement.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur.